Arlene M. Tokarz, Esq.
Law Offices of Arlene Tokarz
15615 Alton Parkway #450
(714) 651-3555
Irvine, CA 92618
Attorney for Debtor
Aaron Alexander Richardson

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No: 6:20-bk-17013-MH |
| | Chapter 13 |
| AARON ALEXANDER RICHARDSON, | MOTION TO VACATE DISMISSAL REINSTATEAARON CHAPTER 13 CASE & REINSTATE THE CHAPTER 13 TRUSTEE, MEMORANDUM OF POINTS AND AUTHORITIES |
| Debtor. | |
| | [NO HEARING REQUIRED] |

TO THE HONORABLE MARK D. HOULE, U.S. BANKRUPTCY JUDGE, Rod Danielson, Chapter 13 Trustee, Office of the United States Trustee:

COMES NOW Debtor, by and through his attorney of record, and hereby moves this Court for an Order setting aside the dismissal previouly entered in this case and for an order reinstating the within Chapter 13 as follows:

1. This case was filed under Title 11 U.S.C. Chapter 13 on October 10, 2012. Rod Dandelion was duly appointed as Chapter 13 Trustee.

2. The Chapter 13 Trustee caused to be served and filed a Motion to Dismiss Chapter 13 due to material defect on June 2, 2022 **(doc #29)**.

3. Counsel for Counsel for Debtor caused to be filed an opposition to said motion on June 18, 2022 **(doc #30)**.

4. On June 16, due to a family emergency, counsel for Debtor left the United States, and did not return until June 27, 2022.

MOTION TO REINSTATE CHAPTER 13 CASE

5. On June 18, 2022, a Notice of Hearing with proof of service was filed with the Court **(doc #31)**.

6. On June 20, 2022, the CM/ECF system filed a "Notice to File of Error and/or Deficient Document (incorrect hearing date/location was selected and filer was instructed to select another hearing date. **(doc #32)**.

7. With counsel for Debtor being out of the United States, notice, although received through CM/ECF., did not receive the notice.

8. In the meantime, the defect regarding the debtor's bankruptcy case was due to non-payment of Chapter 13 payments.

9. The debtor on June 11, 2022 did actually make two Chapter 13 payments but failed to put the correct case number on his plan payment (see Exhibit "A" attached hereto and incorporated by reference).

10. Since the case number on the cashier's check was incorrect, on June 16, 2022, the Chapter 13 Trustee's office returned the check with a letter of explanation (see Exhibit "B" attached hereto and incorporated by reference.

11. With counsel out of the country, and once notified of the inaccurate cashier's check case number, debtor reissued the cashier's check on June 21, 2022 and forwarded it to the Chapter 13 Trustee's lock box (see Exhibit "C" attached hereto and incorporated by reference.

12. The attached verified declaration of Debtor also explains this issue. In fact, his declaration caused him to believe he had corrected the defect.

13. Debtor needs to reopen his Chapter 13 case and file the following matters:
   a) Additional opposition to Trustee's Motion to Dismiss **and** set on the Court's correct calendar; and,
   b) Pay any Chapter 13 plan payments which may have become due but not accepted by the Chapter 13 Trustee's due to the dismissal.

MOTION TO REINSTATE CHAPTER 13 CASE

14. By way of this Motion, debtor respectfully requests that the dismissal of his case be vacated, that his case be reinstated and that the Chapter 13 Trustee be reinstated/re-appointed to the case as the oversight and error of overlooking the date of the Motion to Dismiss was not set, but, instead must be re-set and heard before the Court.

WHEREFORE, Debtor prays that the Court grant his motion as follows:

1. The dismissal be vacated in his Chapter 13 case;
2. That an order reinstating the case and the Chapter 13 Trustee be issued;
3. For such and other relief as this Court may deem just and proper.

Dated: 6/29/2022

_____
Arlene M. Tokarz
Attorney for Debtor
Aaron Alexander Richardson, Jr.

MOTION TO REINSTATE CHAPTER 13 CASE

**DECLARATION OF AARON ALEXANDER RICHARDSON:**

I, Aaron Alexander Richardson Jr., declare I am the debtor in this action. I have read this declaration and find the facts contained herein to be true and if called to testify as to each fact, I would be able to do so competently

1. My case was filed by my attorney, Arlene M. Tokarz, under Title 11 U.S.C. Chapter 13 on October 10, 2012. Rod Dandelion was duly appointed as Chapter 13 Trustee.

2. The Chapter 13 Trustee caused to be served and filed a Motion to Dismiss Chapter 13 due to material defect on June 2, 2022 **(doc #29).**

3. I am informed and believe my counsel caused to be filed an opposition to said motion on June 18, 2022 **(doc #30).**

4. I am also informed and believe on June 16, due to a family emergency, my counsel left the United States, and did not return until June 27, 2022.

5. On June 18, 2022, a Notice of Hearing with proof of service was filed with the Court **(doc #31).**

6. On June 20, 2022, the CM/ECF system filed a "Notice to File of Error and/or Deficient Document (incorrect hearing date/location was selected and filer was instructed to select another hearing date. **(doc #32).**

7. With my being out of the United States, notice, although received through CM/ECF, I did not receive the notice of error.

8. In the meantime, the defect regarding my bankruptcy case was due to non-payment of Chapter 13 payments.

9. On June 11, 2022, I did actually make two Chapter 13 payments but failed to put the correct case number on his plan payment (see Exhibit "A" attached hereto and incorporated by reference).

10. Since the case number on the cashier's check was incorrect, on June 16, 2022, the Chapter 13 Trustee's office returned the check to me with a letter of explanation (see Exhibit "B" attached hereto and incorporated by

DECLARATION OF AARON ALEXANDER RICHARDSON, JR.

reference.

11. With my counsel out of the country, and once notified of the inaccurate cashier's check case number, I immediately reissued the cashier's check on June 21, 2022 and forwarded it to the Chapter 13 Trustee's lock box (see Exhibit "C" attached hereto and incorporated by reference.

13. I need to reopen his Chapter 13 case and file the following matters:

   a) Additional opposition to Trustee's Motion to Dismiss **and** set on the Court's correct calendar; and,

   b) Pay any Chapter 13 plan payments which may have become due but not accepted by the Chapter 13 Trustee's due to the dismissal.

14. By way of this Motion, debtor respectfully requests that the dismissal of his case be vacated, that his case be reinstated and that the Chapter 13 Trustee be reinstated/re-appointed to the case as the oversight and error of overlooking the date of the Motion to Dismiss was not set, but, instead must be re-set and heard before the Court.

15. I am asking the Court to:

   A) The dismissal be vacated in his Chapter 13 case;

   B) That an order reinstating the case and the Chapter 13 Trustee be issued;

   C) For such and other relief as this Court may deem just and proper.

I declare under penalty of perjury under the laws of the United States and the State of California, the foregoing is true and correct. Executed this 29th day of June, 2022 at Irvine, California.

Dated: 6/29/2022

*/s/ Aaron Alexander Richardson, Jr.*
Aaron Alexander Richardson, Jr.

---

DECLARATION OF AARON ALEXANDER RICHARDSON, JR.

EXHIBIT 'A'

**CASHIER'S CHECK**

SERIAL #: 0069606114
ACCOUNT #: 4861-511-467

0000696   11/24
Office AU #   121060

Remitter:        AARON RICHARDSON
Purchaser:       AARON RICHARDSON
Purchaser Account:   xxxxxx7706
Operator ID:     u832499
Funding Source:  Cash, Electronic Item(s)

PAY TO THE ORDER OF   ***CHAPTER 13 TRUSTEE***

June 13, 2022

**Two Thousand Ninety-Four and 00/100 -US Dollars**

**$2,094.00**

Payee Address:
Memo:   CASE NO. 620-BK-1703-MK

VOID IF OVER US $ 2,094.00

WELLS FARGO BANK, N.A.
290 W HIGHLAND AVE
SAN BERNARDINO, CA 92405
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER- IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A FEE
AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

**NON-NEGOTIABLE**

**Purchaser Copy**

F6004 (10/19) micro 10000599

EXHIBIT 'B'



Rod Danielson
Chapter 13 Trustee
3787 University Avenue
Riverside, CA 92501
Tel. (951) 826-8000, Fax (951) 826-8090

6/16/2022

Re:

AARON RICHARDSON
22664 MINONA DR
GRAND TERRACE, CA 92313

To whom it may concern:

Enclosed are check(s)/cashier check(s)/money order(s) totaling the amount of $2,094.00 which is being returned for the following reasons:

[ ]  Local Bankruptcy Rule 3015-1(k)(3) requires that payments must be in certified funds, money orders, or cashiers' checks only. Personal checks or personal business checks are not acceptable.

[ ]  The payee is not correct. All plan payments must be made payable to "Chapter 13 Trustee."

[ ]  We are unable to accept plan payments received at the office address. Payments must be submitted to: P O Box 92997, Los Angeles, CA 90009.

[ ]  We are unable to process your payment. Your name must be written clearly on your check and mailed back to: P O Box 92997, Los Angeles, CA 90009.

[ ]  We are unable to process your payment. The case number must be written clearly on the payment and mailed back to: P O Box 92997, Los Angeles, CA 90009.

[X]  We are unable to process your payment. The case number on the instrument is not valid or is incomplete. Please write the correct case number on your payment and mail back to: P O Box 92997, Los Angeles, CA 90009.

[ ]  The case referenced above is no longer in bankruptcy.

[ ]  Other:

Sincerely,

Trust Accounting Dept

fg234

EXHIBIT 'C'

**CASHIER'S CHECK**

SERIAL #: 0069605121
ACCOUNT #: 4881-511487

Remitter: AARON RICHARDSON
Purchaser: CONSUELA RICHARDSON
Purchaser Account: xxxxxx7756
Operator I.D.: u623348 u623348
Funding Source: Paper Item(s)

PAY TO THE ORDER OF ***CHAPTER 13 TRUSTEE***

June 21, 2022

**Two Thousand Ninety-Four and 00/100 -US Dollars**

**$2,094.00**

Payee Address
Memo: CASE NO. 620-BK-17013-MH

WELLS FARGO BANK, N.A.
206 W HIGHLAND AVE
SAN BERNARDINO, CA 92405
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER-IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A FEE
AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

VOID IF OVER US $ 2,094.00

**NON-NEGOTIABLE**

Purchaser Copy

FB004 (10/19)

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

Rule 60 of the Federal Rules of Civil Procedure applies to this motion to vacate the dismissal.

Federal Rule of Civil Procedure 60:

"(b) on motion and upon such terms as are just the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
    (1)    mistake, . . . or excusable neglect.
    (6)    or any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason (1) . . . not more than one year after the judgment, order or proceeding was entered or taken."

## II.

The Bankruptcy Code 11 U.S.C. §105 grants the Court the power to vacate this dismissal.

Bankruptcy Code 11 U.S.C. §105(a):

" The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing nor the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court order or rules, or to prevent an abuse of process."

At no time did the debtor willfully fail to comply with an order of the court nor did either intentionally fail to comply with the Bankruptcy Code.

Section 105(a) of the Bankruptcy Code gives this court the power to vacate the Order of Dismissal entered.

Dated  June 29, 2022

                                                Arlene M. Tokarz
                                                Attorney for Debtor
                                                Aaron Alexander Richardson, Jr.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15615 Alton Parkway #450, Irvine, California

A true and correct copy of the foregoing document entitled (*specify*): <u>Motion to Vacate Dismissal & Reinsate Chapter 13 Case and Reinstate the Chapter 13 Trustee, Memorandum of Points and Authorities</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>06/30/2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR) rod@rodan13.com
joey@rodan13.com
US Trustee (RS) ustpregion16.rs.ecf@usdoj.com
Arlene M. Tokarz amtokarzesq@gmail.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>06/30/2022</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/30/2022 | Joseph Pizzuto | /s/ Joseph Pizzuto |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Aaron Alexander Richardson, Jr.
22664 Minona Drive
Grand Terrace, CA 92313


Arlene M. Tokarz, Esq.
Arlene M. Tokarz, Esq.
15615 Alton Pkwy
Suite 450
Irvine, CA 92618


Castle Credit Co Holdi
8420 W Bryn Mawr
Chicago, IL 60631


Enhanced Recovery Corp
Attn: Bankruptcy
8014 Bayberry Road
Jacksonville, FL 32256


High Desert Creditors
High Desert Creditors Servince
14608 Main St. #B
Hesperia, CA 92345


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Resurgent Capital Services
Attn: Bankruptcy
Pob 10497
Greenville, SC 29603


Southwest Credit Systems
4120 International Parkway #100
Carrollton, TX 75007

```
Union Bank
Attn: Bankruptcy
Po Box 85643
San Diego, CA 92186
```